**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID HERBERT,

                Plaintiff,                Case Number: 07-CV-11275

v.                                        HON. GEORGE CARAM STEEH

STATE OF MICHIGAN, ET AL.,

                Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff David Herbert is a state inmate at Newberry Correctional Facility in Newberry, Michigan. Plaintiff has filed a *pro se* Motion and Order for Federal Investigation. He is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted.

In his complaint, Plaintiff challenges the validity of his criminal conviction for second-degree criminal sexual conduct. He argues that his daughter, Shanetta Nelson, filed a false police report accusing him of sexual assault. He claims to have new evidence supporting his claim that the charges against him were fabricated and that he is actually innocent. He further

---

[1]    28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted . . .

claims that the Genesee County Circuit Judge who presided over his trial and the prosecutor acted improperly in connection with his prosecution and trial.

A judgment in favor of Plaintiff on the claims contained in his complaint would necessarily imply the invalidity of his continued confinement. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held such claims to be improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87. A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 486-87 (1973). Thus, if Plaintiff wishes to assert the claims contained in the pending complaint, he must do so by filing a habeas corpus petition under 28 U.S.C. § 2254. The Court declines to construe Plaintiff's complaint as a habeas corpus petition because he does not allege that his claims are exhausted. See Parker v. Phillips, 27 Fed. Appx. 491, 494 (6th Cir. 2001). Further, the Court declines to construe the complaint as a habeas corpus petition because Plaintiff may want to assert additional or different claims for relief in a habeas corpus petition than those contained in the complaint.

For the foregoing reasons, **IT IS ORDERED** that the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief may be granted.

Dated: May 24, 2007

                                           S/George Caram Steeh
                                           GEORGE CARAM STEEH
                                           UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 24, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk